**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| ROY B. BRIGHT,      Plaintiff, | :    PRISONER CIVIL RIGHTS<br>:    42 U.S.C. § 1983 |
| v. | :    CIVIL ACTION NO.<br>:    1:10-CV-3079-TCB |
| DEKALB COUNTY JAIL,      Defendant. | : |

**ORDER AND OPINION**

Roy B. Bright, an inmate at the DeKalb County Jail in Decatur, Georgia, has submitted a document entitled, "Motion for Civil Action," which the Clerk has filed as a civil rights action brought pursuant to 42 U.S.C. § 1983. However, it does not appear that Mr. Bright intended to file such an action at this time.

In his letter, Mr. Bright makes general allegations that the jail has withheld legal and personal mail, deprived inmates of medical attention, denied access to the law library, and physically abused inmates. Mr. Bright also contends that a detective who works for Forsyth County gave false testimony in Mr. Bright's state criminal proceedings in order to obtain a conviction. It appears that Mr. Bright seeks the proper documents for filing a civil rights action.

Mr. Bright has failed to make any specific allegations regarding his personal experience at the jail, and he has not named a proper defendant. In order to state a

claim, a complaint must contain "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . statement of facts that merely creates a suspicion [of] a legally cognizable right of action").   Furthermore, the DeKalb County Jail "is merely a building, not a 'person' subject to suit under 42 U.S.C. § 1983." Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285 at *4 (E.D. La. Aug. 1, 2007); see also Pilgrim v. Hall County Detention Center, Civ. Action No. 2:08-CV-048-RWS, 2008 WL 879435 (N.D. Ga. March 28, 2008); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Post v. City of Fort Lauderdale, 750 F. Supp. 1131 (S.D. Fla. 1990) (holding neither city police department nor its building and zoning department were "persons" subject to liability for violating federal civil rights statute); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).

As the Court finds that Mr. Bright did not intend to file a civil action at this time, **IT IS ORDERED** that the instant action be **DISMISSED WITHOUT**

2

**PREJUDICE**.  The Clerk is **DIRECTED** to send Mr. Bright the proper forms for

filing a 42 U.S.C. § 1983 action should he wish to file a civil rights complaint.


     **IT IS SO ORDERED** this 14th day of October, 2010.


TIMOTHY C. BATTEN, SR.
UNITED STATES DISTRICT JUDGE

3

AO 72A
(Rev.8/82)